Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>TRISHA MARIE CHAMBERLAIN; PERFECT PAYMENT SOLUTIONS LLC;  and "JOHN DOES" 1-10<br><br>Defendants. | CASE NO. 12-CV-2602 (SAS)<br><br>[PROPOSED]<br>**PRELIMINARY INJUNCTION** |

WHEREAS, this action having been commenced by the Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") against Trisha Marie Chamberlain and Perfect Payment Solutions LLC (hereinafter collectively referred to as "Defendants") alleging trademark counterfeiting and trademark infringement and a copy of the Summons, Complaint, Temporary Restraining Order and all supporting papers having been served upon Defendants:

A.  Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **AIR-KING** | 2,953,542 | 5/17/05 | Watch and watch parts thereof. |
| ♛<br>**CROWN DEVICE** | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |

- 1 -

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |

(Hereinafter collectively referred to as "Rolex's Registered Trademarks".)

B. Rolex distributes authorized merchandise bearing Rolex's Registered Trademarks in the United States.

C. Defendants have imported, manufactured, advertised, promoted, offered for sale, sold and/or distributed merchandise using counterfeits, reproductions, copies, and/or colorable imitations of Rolex's Registered Trademarks on the Internet.

D. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, copies, reproductions, and/or colorable imitations of Rolex's Registered Trademarks.

E. Rolex is likely to succeed on the merits of proving at trial that Defendants use and/or used counterfeits of Rolex's Registered Trademarks in connection with the sale, offering for sale, or distribution of goods or service.

THEREFORE, it is hereby:

ORDERED, Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, are preliminary enjoined from the following:

(a)     using any reproduction, counterfeit, copy, or colorable imitation of Rolex's Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)     using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(c)     further infringing Rolex's Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(d)     using any simulation, reproduction, counterfeit, copy or colorable imitation of Rolex's Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in

- 3 -

such fashion as to relate or connect, or tend to relate or connect, such

products in any way to Rolex, or to any goods sold, manufactured,

sponsored or approved by, or connected with Rolex;

(e)     making any statement or representation whatsoever, or using any

false designation of origin or false description, or performing any act,

~~which can or is likely~~ *with the intent* to lead the trade or public, or individual members

thereof, to believe that any services provided, products manufactured,

distributed, sold or offered for sale, or rented by Defendants are in any

way associated or connected with Rolex, or is provided, sold,

manufactured, licensed, sponsored, approved or authorized by Rolex;

(f)     secreting, destroying, altering, removing, or otherwise dealing with

the unauthorized products or any books or records which contain any

information relating to the importing, manufacturing, producing,

distributing, circulating, selling, marketing, offering for sale, advertising,

promoting, or displaying of all unauthorized products which infringe

Rolex's Registered Trademarks; and

(g)     effecting assignments or transfers, forming new entities or

associations or utilizing any other device for the purpose of circumventing

or otherwise avoiding the prohibitions set forth in subparagraphs (a)

through (f).; and it is further

ORDERED,   Defendants   shall   immediately   respond   to   Rolex's   outstanding

Interrogatories and Requests for the Production of Documents, both dated April 9, 2012; and it is

further

ORDERED, that this case shall be unsealed.

Dated:  _April 17, 2012_

_6:00_.m.
New York, NY

_____
SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT COURT JUDGE